Curia, per Johnson, Ch.
I concur entirely in the decree of the Circuit Court in relation to the gift of the negro slaves on the Slann’s Island plantation. The authorities cited, and they are all one way, shew conclusively, that if. a parent, upon the marriage of a daughter, puts her in possession of slaves or other chattels, without reserving the right to reclaim, or otherwise qualifying the possession, an intention to give will be presumed, and the gift perfected by the act of delivery. The presumption arises out of the moral obligation of a parent to provide suitably for his children, and the necessity for it is the more cogent upon their marriages, when they usually leave the parental roof and set out to provide for themselves. It is seen in the almost universal habit oí the country. No parent, who has the means and the will, ever permits a child to commence life on his own account, without aiding him in proportion to his means, and when nothing but an absolute gift is intended nothing but a delivery is necessary. If it is intended to qualify it, the parent ought to, and I think would, express it. He would not be so unjust to his child as to raise expectations with the secret intent of mortifying him by defeating them.
I concur also in. the order of the Circuit Court dismissing the bill as to the real estate, upon other grounds, however, than those relied on in the decree. The suggestion in the decree of the court of June, 1840, was that a feigned issue should be made and tried at law to determine the title to the real estate: but that was not followed up. The complainants brought an action of trespass to try titles, in the name of the devisees of their testator, and the jury found for them. The parties might have regarded that suit as a substitute for the feigned issue, and then an appeal would have lain directly to the Equity Circuit Court, but the defendants themselves, without any objection on the part of the complainants, thought proper to treat it as an action at law, and carried up an appeal to the Law Court of Appeals, where' the *317 verdict was sustained, and that judgment is binding on this court as res judicata. No appeal lies from that court to this. It is binding, too, as authority upon the precise point raised here, for this court is not only bound, on general principles, but by; the express enactment of the legislature, to follow the decisions of the law courts.
It is said that the evidence in favor of the gift is stronger here than that offered in the law court, and might possibly have inffuenced that court to come to a different conclusion, and it is true that oíher witnesses have been examined and possibly some new facts have been elicited, but after all, the fact of the gift rests upon the fact stated by the witness Cato Ash Beckett, that in-January, 1820, he heard the complainants’ testator tell the defendants’ intestate, after the latter had married his daughter, “to go and take possession of Slann’s Island and the negroes,” and the subsequent possession of the defendants’ intestate, and that was the substance of the evidence before the law court. But I am satisfied to rest the case upon the ground of res judicata.
The complainants clearly have a right to the common law writ of habere facias possessionem, and do not require the aid of this court in obtaining possession of the land. But the jury have found no damages, and they insist that they are entitled to come here for an account of mesne profits. That would have followed as a matter of course if the case at law had been tried on an issue directed from the Court of Equity, but the proceedings at law were in form an action of trespass to try titles, and both parties thought proper to treat it as such. In that form of action the plaintiffs were entitled to recover the mesne profits in the form of damages, and having neglected to submit that matter to the jury, they cannot obtain relief in this court. It strikes me, too, that it was not a case for damages.
The gift of the land and negroes was at the same time and expressed in the same words, “go and take possession of Slann’s Island and the negroes,” and the complainants insist that as the land has been adjudged to belong to the devisees of the complainants’s testator, the negroes follow it as an incident. The case in 2 Dyer, 212, establishes, I think very clearly, and as a general rule I should be disposed to follow it, that if lands and chattels be demised together, and a round sum be reserved as rent, if the lessor aliens the land before the expiration of the lease to,a stranger, he will be entitled to the whole sum reserved *318 for rent, upon the principle that the land being the principal and most important matter, draws after it all incidents of less importance. It ought, perhaps, to depend on the character and value of the chattels, and the use to which they are applied, and it may well be doubted whether the principle would apply to slaves regarded as chattels, which, although in legal contemplation of less dignity and importance than lands, are for the most part of more value and importance, and constitute rather the principal than the incident. But the principle does not apply here. The decision of the law court is, that the lands belong to the devisees of the complainant’s testator, and this court have decided that the defendant’s intestate had an absolute property in the negroes as the gift of the former ; and as a further authority for the opinion of the court on this point, it may be here stated, that one of the negroes that belonged to the Siann’s Island plantation ran away from the defendants’s intestate after the death of his wife, the daughter of complainant’s testator, and took protection at the plantation of the latter, and Joseph Whaley testified, that at the request of the defendant’s intestate, he called on the complainant’s testator and inquired if he had any claim to her, and he replied no, and that he would order her off his plantation. A tenancy at will of the real estate and an absolute property in the slaves, are by no means incompatible.
But it may be asked, how can that be, when the lands and the slaves were given at the same time and in the same words ?
Every one knows, that slaves and other chattels may be trans-fered even by parol, and that real estate cannot except by deed, and that the terms of a deed or will in relation to real estate which would only give or grant a fee simple conditional at common law, would give an absolute and unconditional property in chattels.
There are numerous cases in our own courts, in which the possession of a child of real estates, under a parol gift from the parent, has been held to be adverse to the rights of the parent, but I apprehend that a gift of real estate never will be so implied from the naked possession with the assent of the parent. As before remarked, every one knows that the title to lands cannot be transfered but by deed, and when a parent suffers a child to take possession of his lands without a legal conveyance, the inference would seem to be that he did not intend to give. Some positive declaration or some decisive act indicating the intention would therefore be indispensable; but the further prosecution of *319 this enquiry is rendered unnecessary by the judgment of the law-court.
Appeal dismissed.
Harper, Ch. I concur so far as respects the land.
DunkiN, Ch. I concur in the result, for the reasons stated in the circuit decree.
Joi-instqn, Ch. absent at the hearing.